**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 15-4555**

─────────────

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

     v.

JULIO CESAR RIVERA ROSALES, a/k/a Julio Cesar Rivera-Rosales,

             Defendant - Appellant.

─────────────

**No. 15-4556**

─────────────

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

     v.

JULIO CESAR RIVERA ROSALES,

             Defendant - Appellant.

─────────────

Appeals from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, Chief District Judge. (7:14-cr-00050-GEC-3; 7:15-cr-00013-GEC-1)

─────────────

Submitted: June 23, 2016         Decided: June 28, 2016

─────────────

Before MOTZ, KING, and WYNN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

———————————

Robert L. Flax, ROBERT L. FLAX, P.C., Richmond, Virginia, for Appellant. John P. Fishwick, Jr., United States Attorney, Ashley B. Neese, Assistant United States Attorney, Ashwin Shandilya, Third Year Law Student, Roanoke, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

In these consolidated cases, Julio Cesar Rivera Rosales appeals the district court's judgment sentencing him to 151 months in prison after he pled guilty to conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2012), as well as the consecutive 24-month sentence the district court ordered upon revoking the supervised release term that was imposed for Rosales' previous illegal entry and narcotics convictions. Rosales asserts that the district court impaired his right to confront witnesses against him when it sentenced him on the drug conspiracy conviction and revoked his supervised release, and that the Government failed to prove by a preponderance of the evidence the drug quantity attributable to him for his drug conspiracy conviction. Finding no error, we affirm.

Rosales asserts that his Sixth Amendment right to confront adverse witnesses was violated because the district court, in fashioning an appropriate sentence, considered hearsay evidence presented in Rosales' presentence report and witness testimony. This argument is meritless, however, because the Confrontation Clause does not apply at sentencing. United States v. Powell, 650 F.3d 388, 393 (4th Cir. 2011).

Moreover, it is well established that a sentencing court may consider "any relevant information before it, including

3

uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." Id. at 392 (internal quotation marks omitted). A district court may also "'approximate the quantity of the controlled substance'" attributable to the defendant using only "'uncertain witness estimates'" as long as it imposes a sentence "'at the low end of the range'" of such estimates. United States v. Crawford, 734 F.3d 339, 342 (4th Cir. 2013) (citing U.S. Sentencing Guidelines Manual § 2D1.1 cmt. n.5; United States v. Bell, 667 F.3d 431, 441 (4th Cir. 2011)). Thus, "[f]or sentencing purposes, hearsay alone can provide sufficiently reliable evidence of [drug] quantity." United States v. Uwaeme, 975 F.2d 1016, 1019 (4th Cir. 1992). Importantly, although the court "can consider a witness's status as a drug user or [criminal] in assessing his or her credibility, this Court has not found that these attributes render a witness per se unreliable." Crawford, 734 F.3d at 343. With these authorities in mind, we reject Rosales' argument that the drug weight with which he was attributed was not proven by a preponderance of the evidence. Indeed, the record establishes that the district court relied on the conservative drug amounts the probation officer attributed to Rosales, which were consistent with witness accounts.

We also discern no violation of Rosales' Confrontation Rights as pertaining to the revocation of his previously imposed

4

supervised release term. To the contrary, the record establishes that the district court revoked Rosales' supervised release based on his guilty plea to the conspiracy count and his outright admission to violating the terms of his supervised release.

Based on the foregoing, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED